Private Citizen Barton H. Rippl
Non Federal/Resident Delivery
c/o 30628 Detroit Road, #140
Westlake, Ohio [PZ 44145]
In propria persona (Judiciary Act of 1789, § 35)



FILED
FEB - 7 2020
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

# United States District Court
## for the Northern District of Ohio

| | |
|---|---|
| Barton H. Rippl,<br><br>    Petitioner,<br><br>v.<br><br>United States Department of State,<br>National Passport Center<br>Customer Service Department,<br>Supervisor Jeremy Doe<br><br>    Respondent. | Case # 1:20 CV 289<br><br>**Petition For A Writ Of Habeas Corpus Under 5 U.S.C. § 703 and 28 U.S.C. § 2241**<br><br>JUDGE GAUGHAN |

This Petition is made by Private Citizen Barton H. Rippl ("Petitioner"), who is restrained of his liberty. This Court has jurisdiction pursuant to 5 U.S.C. § 703 and 28 U.S.C. § 2241, et. seq..

The (non-custodial) restraint complained about herein is currently being conducted by the United States Department of State, National Passport Center, Supervisor Jeremy Doe[1], allegedly acting under authority of Mike Pompeo, Secretary of State,

---

[1] Factual last name unknown and not divulged to Petitioner during telephonic conversation with Mr. Doe's subordinate, Dawn Doe, whose last name also is unknown and was not divulged to Petitioner when asked. This telephonic conversation was held on or about Thursday, August 29, 2019.

through effective refusal to comply with governing statutes & regulations, and issue a passport to Petitioner.

## FACTUAL BASIS FOR PETITION

The governments of the United Kingdom and the Republic of Ireland, and many if not most other governments, in order to enter their respective territories, require non-British and non-Irish citizens to produce a passport. And were Petitioner to travel outside the United States of America without a passport, Petitioner, upon returning, would effectively be denied reentry into Petitioner's home county.

Petitioner is a Private Citizen of Ohio, a Republic of the United States of America, Art IV § 4, Constitution for the United States of America, and thereby a Citizen of the United States of America, having sworn allegiance to uphold and defend the Constitution therefor and is entitled to issuance of a passport; see *Yuen v Internal Revenue Service* (SD NY) 497 F Supp 1023, 25 BNA FEP Cas 194, 24 CCH EPD § 31229, affd (CA2 NY) 649 F2d 163, 25 BNA FEP Cas 1314, 26 CCH EPD § 31840, cert den 454 US 1053, 70 L Ed 2d 588, 102 S Ct 597, 27 BNA FEP Cas 221, 27 CCH EPD § 32229.

On or about April 14, 2019, Petitioner executed & submitted a U.S. Passport Renewal Application and included the statutory fees therefore (22 USC § 214, as established in 22 CFR §§ 22.1[1],[3]) together with proof of identity. Information excluded from said application pertained to TIN; the form did not comply with the provisions of 5 USC § 552a(e)(3):

> (e) Agency Requirements. - Each agency that maintains a system of records shall -
>
> \*\*\*
>
> > (3) inform each individual whom it asks to supply information, on the form which it uses to collect the information or on a separate form that can be retained by the individual -
> >
> > > (A) the authority (whether granted by statute, or by executive order of the President) which authorizes the solicitation of the information and **whether disclosure of such information is mandatory or voluntary**;
> > >
> > > (B) the principal purpose or purposes for which the information is intended to be used;

> (C) <u>the routine uses</u> which may be made of the information, **as published pursuant to paragraph (4)(D) of this subsection**; and
>
> (D) <u>the effects</u> on him, if any, <u>of not providing</u> all or any part of the <u>requested information</u>; (emphases added)

It is *not* argued by Petitioner that the government has *no* authority to require certain information. Any individual who applies for a passport or for the renewal of a passport must include in the application certain specified information for federal tax purposes; see 26 USCS § 6039E(a) and (b). Subsection (a) thereof requires that any individual (sic) applying for a passport "shall include with any such application a statement which includes the information described in subsection (b)." Subsection (b) states: "Information required under subsection (a) shall include (1) the taxpayer's TIN **(if any)**, (2) in the case of a passport applicant, any foreign country in which such individual is residing." (emphasis added)

As to 26 USC § 6039E(b)(1), this Private Citizen has no TIN; there is no requirement that a Private Citizen have a Social Security Number; see <u>United States v. Bell</u>.

Further, the provisions of 26 USC, including § 6039E, must be implemented by regulation; see 26 USC § 7805. The implementing regulation for 26 U.S.C. § 6039E is found in 26 CFR § 301.6039E-1, "Information reporting by passport applicants". Subsection (a) thereof states "Every individual who applies for a U.S. passport or the renewal of a passport (passport applicant), other than a passport for use in diplomatic, military, or other official U.S. government business, shall include with his or her passport application the information described in paragraph (b)(1) of this section in the time and manner described in paragraph (b)(2) of this section." Subsection (b)(1) thereof states "The information required under paragraph (a) of this section shall include the following information: (iii) The passport applicant's taxpayer identifying number (TIN), if such a number has been issued to the passport applicant. A TIN means the individual's social security number (SSN) issued by the Social Security Administration. A passport applicant who does not have an SSN must enter zeros in the appropriate space on the passport application."

Again, as noted above, Petitioner has no TIN and so entered zeros in the appropriate space on Petitioner's U.S. Passport Renewal Application, as required by the aforementioned provisions.[2]

On or about June 6, 2019, Petitioner received, via email, a form from United States Department of State, National Passport Center dated June 6, 2019; said form did not identify any federal employee by name, only "Customer Service Department"; see exhibit A.

Said form also did not comply with the provisions of 5 USC § 552a(e)(3). Furthermore, said form is not in compliance with the Paperwork Reduction Act of 1980 (Pub. L. No. 96-511, 94 Stat. 2812, 44 U.S.C. §§ 3501–3521) as it does not bear a valid OMB Control Number.

On or about 1 August 2019, Petitioner responded in good faith, signing an affidavit declaring that he has no TIN; see Exhibit B.

On or about August 26, 2019, Petitioner received, via email, a form from United States Department of State, National Passport Center dated August 26, 2019; see Exhibit C; said form, again issued by "Customer Service Department", is, apart from the date, identical in every respect to the form received by Petitioner on June 6, 2019.

Seeking clarification, on or about Thursday, August 29, 2019, Petitioner contacted the United States Department of State, National Passport Center, via telephone and spoke with a woman named "Dawn" who refused to provide her last name. Petitioner stated the circumstances outlined *supra* but Dawn deferred to her superiors. Petitioner then inquired after the name (identity) of Dawn's superior, to which Dawn responded with the name "Jeremy"; Petitioner inquired after "Jeremy's" last name, to which Dawn responded "We're not allowed to give out last names." This telephonic conversation concluded with Dawn promising that Jeremy would be contacting Petitioner via telephone within the next few business days; as of the date of filing of this Petition, 113 full business days have passed without Petitioner receiving a phone call from "Jeremy".

---

[2] It is relevant to notice the Court that Petitioner followed the exact same procedure in a U.S. Passport Renewal Application executed & submitted or about April 2009; Petitioner's application was processed without question or delay and a renewed passport was subsequently issued.

The right to travel outside the United States is a "liberty" not subject to restriction without due process of law under the Fifth Amendment, *Haig v Agee*, 453 US 280, 69 L Ed 2d 640, 101 S Ct 2766, 7 Media L R 1545; *United States v Laub*, 385 US 475, 17 L Ed 2d 526, 87 S Ct 574; *Zemel v Rusk*, 381 US 1, 14 L Ed 2d 179, 85 S Ct 1271, 1 Media L R 2299, reh den 382 US 873, 15 L Ed 2d 114, 86 S Ct 17; *Aptheker v Secretary of State*, 378 US 500, 12 L Ed 2d 992, 84 S Ct 1659; *Kent v Dulles*, 357 US 116, 2 L Ed 2d 1204, 78 S Ct 1113 (overruled on other grounds *Califano v Aznavorian*, 439 US 170, 58 L Ed 2d 435, 99 S Ct 471) as stated in *Regan v Wald*, 468 US 222, 82 L Ed 2d 171, 104 S Ct 3026, 469 US 912, 83 L Ed 2d 222, 105 S Ct 285; *Worthy v United States* (CA5 Fla) 328 F2d 386; *Shachtman v Dulles*, 96 App DC 287, 225 F2d 938; *MacEwan v Rusk* (ED Pa) 228 F Supp 306, affd (CA3 Pa) 344 F2d 963. It is more than a mere privilege; it is a right; *Boudin v Dulles* (DC Dist Col) 136 F Supp 218, remanded 98 App DC 305, 235 F2d 532.

Petitioner has been denied due process. While effectively refusing to issue a United States of America passport in the nearly ten (10) months since the U.S. Passport Renewal Application and fees were submitted by Petitioner, Respondents have specifically denied issuance and have thereby denied the statutory administrative appeal procedure available to this Private Citizen of Ohio. The doctrine of exhaustion of administrative remedies cannot be applied when the remedies cannot be reached; 5 USC § 704 states:

> "<u>Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review</u>. A preliminary, procedural, or other intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority." (emphasis added)

The non-action on the part of Respondents is an agency action under the Administrative Procedure Act; 5 USC § 551(13) states:

> "(13) **"agency action" includes** the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or **failure to act**;" (emphasis added)

and the issue has been settled:

> "**Where Congress** has indicated intent to circumscribe agency enforcement discretion and **has provided meaningful standards for defining limits of discretion, there is "law to apply" under § 701 and courts may require that agency follow that law.**" *Hill v Group Three Housing Dev. Corp.* (1986, CA8 Mo) 799 F2d 385. (emphasis added)

Regulation of the right to travel abroad is under the law-making functions of Congress and the delegation of that function must be accompanied by standards adequate to pass scrutiny by accepted tests. *Kent v Dulles*, 357 US 116, 2 L Ed 2d 1204, 78 S Ct 1113 (overruled on other grounds *Califano v Aznavorian*, 439 US 170, 58 L Ed 2d 435, 99 S Ct 471) as stated in *Regan v Wald*, 468 US 222, 82 L Ed 2d 171, 104 S Ct 3026, reh den 469 US 912, 83 L Ed 2d 222, 105 S Ct 285. The requirements of due process are a function not only of the governmental restrictions imposed on international travel, but also of the extent of the necessity for the restrictions; *Zemel v Rusk,* 381 US 1, 14 L Ed 2d 179, 85 S Ct 1271, 1 Media L R 2299, reh den 382 US 873, 15 L Ed 2d 114, 86 S Ct 17. These requirements have effectively been flouted.

The powers of the Secretary of State over the issuance and control of passports are delegated powers (59 AmJur 2d, Passports, § 9) and the exercise of his vested discretion is subject to judicial scrutiny; *Haig v Agee*, 453 US 280, 69 L Ed 2d 640, 101 S Ct 2766, 7 Media L R 1545; *Shachtman v Dulles*, 96 App DC 287, 225 F2d 938. The Supreme Court narrowly construes all delegated powers that curtail or dilute activities or enjoyment, such as travel, which are natural and often necessary to the well-being of an American citizen; *Kent v Dulles*, 357 US 116, 2 L Ed 2d 1204, 78 S Ct 1113. Passport regulations must be consistent with both the underlying statute, *United States ex rel. Graber v Karnuth* (CA2 NY) 30 F2d 242, cert den 279 US 850, 73 L Ed 993, 49 S Ct 346, *and the Constitution; Haig v Agee*, 453 US 280, 69 L Ed 2d 640, 101 S Ct 2766, 7 Media L R 1545; *Boudin v Dulles* (DC Dist Col) 136 F Supp 218, remanded 98 App DC 305, 235 F2d 532.

Petitioner maintains that he is a Private Citizen of Ohio, a Republic of the United States of America, Art IV § 4 Constitution for the United States of America. A passport may not be denied issuance, revoked, restricted or otherwise limited because of any speech, activity, belief, affiliation or membership, within or outside the United States which, if held or conducted within the United States, would be protected by the first amendment to the Constitution of the United States; see 22 USC § 2721. "Impermissible basis for denial of passports" (Aug. 1, 1956, Ch 841, Title I, § 49, as added Oct. 28, 1991, P. L. 102-138, Title I, Part B, § 113, 105 Stat. 655.), and United States citizenship is not required for passport eligibility, 59A AmJur 2d § 23, 22 USCS § 212; 22 CFR § 51.1(d), but the applicant must be a national of the United States, 22 CFR § 51.2(a). Even a *noncitizen United States national* is entitled to a passport, *Yuen v Internal Revenue Service* (SD NY) 497 F Supp 1023, 25 BNA FEP Cas 194, 24 CCH EPD § 31229, affd (CA2 NY) 649 F2d 163, 25 BNA FEP Cas 1314, 26 CCH EPD § 31840, cert den 454 US 1053, 70 L Ed 2d 588, 102 S Ct 597, 27 BNA FEP Cas 221, 27 CCH EPD § 32229.

While the boundaries of the United States conform to the external boundaries of the several states, 77 AmJur 2d, United States, § 3, *Harcourt v Gaillard,* 25 US 523, 6 L Ed 716, the jurisdiction of the United States is limited; *Caha v. United States*, 152 U.S., at 215.

> "**The laws of Congress...do not extend into the territorial limits of the states**, but have force only in the District of Columbia, and other places that are within the exclusive jurisdiction of the national government." (emphases added). *Pollard v. Hagan*, 44 U.S. 211, 223, 228, 229,

> "We think a proper examination of this subject will show that the United States never held any municipal sovereignty, **jurisdiction**, or right of soil in and to the territory, of which ...new states were formed. [T]he United States have no constitutional capacity to exercise municipal jurisdiction, sovereignty, or eminent domain, within the limits of a state, except in cases where it is expressly granted." (emphases added). *U.S. v. Mussari*, 894 F.Supp. 1360.

WHEREFORE, Petitioner respectfully demands that a Writ of Habeas Corpus issue, that he be restored his liberty and that the United States Department of State, National Passport Center, Customer Service Department and/or Supervisor Jeremy Doe

be Ordered by this Court to release the United States of America passport applied for by Petitioner.

Respectfully submitted this 7th day of February, 2020.

_____  _____
Barton H. Rippl, Private Citizen of Ohio       Date
Petitioner *in Propria Persona*

## Declaration Under Penalty Of Perjury

I declare under penalty of perjury that I am the Petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

_____  _____
Barton H. Rippl, Private Citizen of Ohio       Date
Petitioner *in Propria Persona*